IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLIE GOFF WAGONER,

    Plaintiff,

v.                                      Civil Action No. 5:15CV134
                                                          (STAMP)

CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiff, Charlie Goff Wagoner ("Wagoner"), filed an application for Supplemental Security Income Benefits under Title XVI of the Social Security Act. In the application, Wagoner alleged disability since April 30, 2012 due to back, neck, shoulder, and hip problems, depression, arthritis, high blood pressure, migraine headaches, "bone tumor on the left forearm," lightheadedness, and "light heart attack." ECF No. 7-3 at 2.

The Social Security Administration denied Wagoner's application initially and on reconsideration. Wagoner then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Wagoner testified on his own behalf, as did a vocational expert. The ALJ issued a decision

finding that Wagoner suffered from severe impairments of degenerative disc disease, anxiety, and major depressive disorder. However, the ALJ found that Wagoner was not disabled under the Social Security Act. Instead, the ALJ found that Wagoner had a Residual Functional Capacity to perform light-level work, with certain non-exertional restrictions, that exists in significant numbers in the national economy. Thus, Wagoner's benefits were denied. Wagoner then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied Wagoner's request for review.

Wagoner then filed this civil action seeking judicial review of the ALJ's decision. The case was referred to United States Magistrate Judge Robert W. Trumble for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that Wagoner's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted. Wagoner did not file objections to the report and recommendation.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C.

2

§ 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

### III. Discussion

Wagoner argues that the ALJ erred by affording "no weight" to the medical opinions of his treating physician Kalapala S. Rao, M.D. and his consulting physicians T.J. Janick, M.D. and Jason Fincham, M.D. He further argues that the ALJ erred by affording "great weight" to the opinion of a state agency consulting physician, Fulvio Franyutti, M.D. Specifically, Wagoner argues that the ALJ completely rejected his treating and consulting physicians' opinions without providing adequate analysis of the regulatory factors for evaluating medical opinions at 20 C.F.R. § 416.927.

The magistrate judge correctly noted that the ALJ must "always consider the medical opinions in . . . [the] record together with the rest of the relevant evidence . . . receive[d]." 20 C.F.R. § 416.927(b). "Generally, [the ALJ will] give more weight to opinions from . . . treating sources . . . . If . . . a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record, [it is entitled to] . . . controlling weight." Id. §

3

416.927(c)(2). If a treating physician's opinion is not afforded controlling weight, the ALJ must evaluate the opinion as it would any other medical opinion. Id. In evaluating medical opinions from non-treating sources, the ALJ should consider: (1) "[h]ow long the source has known and how frequently the source has seen the individual;" (2) "[h]ow consistent the opinion is with other evidence;" (3) "[t]he degree to which the source presents relevant evidence to support an opinion;" (4) "[h]ow well the source explains the opinion;" (5) "[w]hether the source has a specialty or area of expertise related to the individual's impairment(s);" and (6) "[a]ny other factors that tend to support or refute the opinion." SSR 06-03p at 4-5 (2006); see also 20 C.F.R. § 416.927(c).

The magistrate judge correctly concluded that the ALJ adequately explained his reasoning for rejecting the medical opinions of Wagoner's treating and consulting physicians. First, the ALJ explained that he rejected Dr. Rao's opinion because it was inconsistent with Dr. Rao's own treatment notes. Second, the magistrate judge concluded that the ALJ adequately explained that he gave no weight to Dr. Janick's opinion because there was no evidence in the record to support it. Third, the magistrate judge concluded that the ALJ properly explained that he rejected Dr. Fincham's opinion because it was not supported by his own treatment notes. Fourth, as to Dr. Franyutti's opinion, the ALJ explained

4

that he afforded great weight to that opinion because it was consistent with Wagoner's treatment history and the objective medical evidence.  While the ALJ did not explicitly discuss each factor of § 416.927 as to each opinion, his reasoning is clear and traceable to those factors.  Accordingly, this Court finds no clear error in the magistrate judge's conclusions.

## IV. Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 15) is AFFIRMED and ADOPTED.  Accordingly, the defendant's motion for summary judgment (ECF No. 12) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 10) is DENIED.  It is further ORDERED that this civil action be STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 27, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE